INTRODUCTION

JAMES L. ROBERTS, Jr., Justice,
for the Court:
The case before the Court today involves a dispute over the ability of the City of Jackson, Mississippi to enforce local zoning ordinances upon state owned land, Mississippi Veterans Memorial Stadium, located within the city limits where the legislature has specifically promulgated legislation regarding the use of said state property. See Miss. Code Ann. Section 55-23-11. We agree with the circuit court’s holding that the City lacked standing to bring the declaratory judgment involved in this case. We find that the City lacked the proper requirements of standing to pursue this action as it is in contravention of the intent of the legislature in promulgating specific legislation regarding the stadium and affirm the trial court on that basis. Accordingly, we need not address the other issues.

STATEMENT OF THE CASE

The procedural history of this case began with the fifing of Mayor Kane Ditto’s [hereinafter the City] five count Complaint For Declaratory Relief And Other Relief in the Circuit Court of the First Judicial District of Hinds County, Mississippi against the State of Mississippi, the Veterans Memorial Stadium Commission [hereinafter Commission], Mississippi State Department of Finance and Administration and M. Bennett Chotard [hereinafter Chotard]. Said Complaint was filed in his official capacity as Mayor of the City of Jackson, Mississippi and on behalf of the citizens of Jackson, Mississippi as inter *258 ested parties and taxpayers of the State of Mississippi.
The lawsuit sought declaratory relief primarily concerning the rights of the City of Jackson to enforce zoning ordinances on land which was the subject of a Project Development Agreement [hereinafter Agreement] between the Mississippi Veterans Memorial Stadium Commission and M. Bennett Cho-tard. Specifically, the Complaint contained five counts. Count I alleged that the Agreement violated the Separation of Powers Doctrine. Count II alleged that if the Agreement was allowed to proceed, the citizens of Jackson would be adversely affected because (a) a foreseeable danger to the health and safety of persons traveling on the streets or otherwise operating their vehicles upon the subject property in the areas of North State Street would constitute a hazard and nuisance; (b) a foreseeable erosion and destruction of the aesthetic quality of the environment surrounding the Stadium would occur; and (c) violation of the City zoning ordinances. Count III alleged that Miss.Code Ann. § 55-23-11 is unconstitutional in violation of Article 4 § 90 of the Mississippi Constitution of 1890. Count IV alleged that the Agreement was a joint venture or partnership between the parties and thus void as contrary to public policy prohibiting such between a public body and private interest. Count V was that unless the trial court intervened, there was no adequate remedy at law to prevent the general public, as citizens and taxpayers, from injury and damage.
The Commission and Chotard filed a Motion to Dismiss the City’s complaint for failure to state a claim upon which relief could be granted and as barred by the doctrine of sovereign immunity. A Memorandum in support thereof was filed by Chotard, which the City opposed.
Upon considering the briefs and argument of both parties, Judge William F. Coleman entered his Judgment of Dismissal which reads as follows.
THIS CAUSE came for hearing on March 14, 1994 on the Motions of M. Bennet Chotard, Mississippi Veterans Memorial Stadium Commission and the Mississippi State Department of Finance and Administration to dismiss the plaintiffs complaint and the Court, having heard the arguments of counsel and having considered the briefs filed by the plaintiff and the defendants, finds that the City of Jackson lacks standing to bring the causes of action set forth in its complaint, that Counts I, III, IV and V fail to state a claim upon which relief can be granted because, as a matter of law, there is no conceivable set of facts upon which the City can prevail on the legal theories set forth in said Counts of Complaint and that Count II of the plaintiffs complaint is barred by the Doctrine of Sovereign Immunity and, therefore, that the Plaintiffs complaint should be dismissed, with prejudice;
(emphasis added)
Aggrieved by the lower court’s decision to grant the Commission’s motion, the City appeals requesting review of the following issue.
WHETHER THE TRIAL COURT ERRED IN DISMISSING THE INSTANT LAWSUIT BECAUSE THE CITY IN THIS CASE HAS STANDING TO HAVE THE LOWER COURT DECLARE THAT THE PARTIES TO THE DEVELOPMENT AGREEMENT ARE BOUND BY CITY ZONING ORDINANCES.
The Commission submitted similar, yet different arguments in its brief, but is not counter-appealing. The Commission argues the issues as follows.
I. SECTION 55-23-11 IS A CONSTITUTIONAL DELEGATION OF AUTHORITY BY THE LEGISLATURE, NOT SUBJECT TO LEGAL CHALLENGE BY THE CITY OF JACKSON.
A. COMMISSION’S LEASING AUTHORITY DOES NOT VIOLATE THE SEPARATION OF POWERS DOCTRINE.
B. THE AGREEMENT IS NOT A JOINT VENTURE IN VIOLATION OF SECTION 258 OF THE MISSISSIPPI CONSTITUTION.
C. SECTION 55-23-11 DOES NOT VIOLATE SECTION 90 OF THE MISSISSIPPI CONSTITUTION.
*259 II. THE CITY HAS NO STANDING OR LEGAL RIGHT TO PREVENT THE LEASING OF STADIUM PROPERTY.
A. THE LEGISLATURE HAS MANIFESTED ITS INTENT THAT THE CITY OF JACKSON NOT HAVE THE POWER, AUTHORITY, OR STANDING TO BRING THE INSTANT ACTION.
B. THE CITY’S CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY.
III. COUNT V EPITOMIZES THE CITY’S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.
A. NO REMEDY EXISTS AT LAW OR IN EQUITY AS THE CITY HAS NOT AND WILL NOT SUFFER ANY INJURY OR DAMAGES.
The City’s only argument in its reply brief is the following.
THE APPELLEE’S RELIANCE ON THE CITY OF JACKSON V. MISSISSIPPI STATE BUILDING CASE IS MISPLACED.

STATEMENT OF THE FACTS

On July 13, 1998, the Commission entered into a Project Development Agreement with developer M. Bennett Chotard for the purpose of leasing two parcels of land surrounding the Mississippi Veterans Memorial Stadium for a period not exceeding twenty-five years.[1] The Agreement was entered into pursuant to Mississippi Code Ann. Section 55-23-11(2).
The City argued that Chotard and the Commission should have to comply with its “special use” zoning restriction despite the “full power and authority” granted to it by the legislature in Section 55-23-11. The Commission’s Agreement with Chotard was that the property was going to be and could be developed as commercial property without any additional expense because “such city zoning is not applicable to state property.” The City maintained that if the Commission was able to develop the property commercially, that such development would be “hazardous to the citizens of the City of Jackson” and “would destroy the aesthetic quality of the environment.” The Commission and Chotard maintained that their Agreement was lawfully and legislatively authorized.[2] Accordingly, the Commission and Chotard submit that the lower court’s dismissal with prejudice should be affirmed in toto.

DISCUSSION OF ISSUES

WHETHER THE TRIAL COURT ERRED IN DISMISSING THE INSTANT LAWSUIT BECAUSE THE CITY IN THIS CASE HAS STANDING TO HAVE THE LOWER COURT DECLARE THAT THE PARTIES TO THE DEVELOPMENT AGREEMENT ARE BOUND BY CITY ZONING ORDINANCES.
II. THE CITY HAS NO STANDING OR LEGAL RIGHT TO PREVENT THE LEASING OF STADIUM PROPERTY.
A. THE LEGISLATURE HAS MANIFESTED ITS INTENT THAT THE CITY OF JACKSON NOT HAVE THE POWER, AUTHORITY, OR STANDING TO BRING THE INSTANT ACTION.
B. THE CITY’S CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY.
The threshold issue in this ease is whether or not the City has constitutional standing to challenge the Agreement. The lower corut held that the City lacked standing on apparently all counts in the complaint. Counts I, III, IV, and V were determined to “fail to state a claim upon which relief could be granted because, as a matter of law, there is no conceivable set of facts upon which the City can prevail” on the legal theories in said counts. Count II was held to be “barred by the Doctrine of Sovereign Immunity.” Ac *260 cordingly, the City’s complaint was dismissed with prejudice.
We agree with the circuit court’s holding that the City lacked standing to bring the declaratory judgment involved in this case. We find that the City lacked the proper requirements of standing to pursue this action as it is in contravention of the intent of the legislature in promulgating specific legislation regarding the stadium and affirm the trial court on that basis. Accordingly, we need not address the other issues.

CONCLUSION

The City of Jackson does not have standing; accordingly, the trial court’s dismissal is affirmed.
JUDGMENT IS AFFIRMED.
SULLIVAN, P.J., and PITTMAN, MeRAE and SMITH, JJ., concur.
PRATHER, P.J., dissents with separate written opinion joined by DAN M. LEE, C.J., and BANKS and MILLS, JJ.

. The two parcels of land are approximately eight and three acres respectively.

. The Agreement was approved by the Department of Finance and Administration as required by § 55-23-11(3).